UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
GINA GLAZER                                       :       CASE NO. 1:08-CV-1624
                                                  :
        Plaintiff,                                :
                                                  :
vs.                                               :       ORDER & OPINION
                                                  :       [Resolving Doc. No. 7]
WHIRLPOOL CORPORATION                             :
                                                  :
        Defendant.                                :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Gina Glazer moves this Court to remand this case back to state court, to the Cuyahoga County Common Pleas Court, from which the Defendant Whirlpool Corporation ("Whirlpool") removed it, pursuant to 28 U.S.C. § 1447(c). [Doc. 7.] Defendant Whirlpool opposes this motion. [Doc. 14.] For the following reasons, the Court **DENIES** the Plaintiff's motion to remand the case.

I.  Background

Plaintiff Gina Glazer filed a putative class action complaint in state court against Defendant Whirlpool, alleging that all Whirlpool Duet Sport washing machines contain a common defect. [Doc. 1, Ex. A.] The Plaintiff seeks to certify a class of all Ohio residents who acquired a new Whirlpool Duet Sport Front-Loading washer after June 2, 2004, that was manufactured, distributed, or sold by Whirlpool. [*Id.* at 3.]

-1-

Case No. 1:08-CV-1624
Gwin, J.

The Defendant removed the case to this Court, asserting federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453. The Defendant argued federal jurisdiction was proper because this is a putative class action involving more than 100 putative class members who are seeking to recover in excess of $5,000,000, and the parties are minimally diverse. *See* 28 U.S.C. § 1332(d). The Defendant proffered evidence that over 21,000 of the particular model of washing machines were sold in Ohio after June 2, 2004, satisfying the putative class members threshold. [Doc. 1 at 4.] Further, diversity exists in this case because Plaintiff Glazer is an Ohio resident and the proposed class consists only of Ohio residents, while the Defendant, a Delaware corporation, is headquartered in Michigan. Finally, the Defendant argued that the claim satisfied the amount in controversy minimum of $5,000,000 because if the Plaintiff prevailed, "[g]iven the approximate retail replacement or purchase-price reimbursement cost of such washing machines," valued at $699, the potential damage award would exceed $15 million. [Doc. 1 at 5.]

After the case was removed to this Court, Plaintiff Glazer filed a motion to remand, arguing that this Court does not have subject matter jurisdiction because Defendant Whirlpool has failed to sufficiently demonstrate that the amount in controversy exceeds the requisite $5 million. [Doc. 7.] The Plaintiff notes that the Defendant must prove the satisfaction of the amount in controversy minimum by a preponderance of the evidence, and conclusory allegations will not suffice. [*Id.* at 4-5.] In sum, the Plaintiff argues that Defendant Whirlpool merely multiplied the number of washers sold by the retail price of the washers, without providing proof that the amount equaled the potential compensatory damages in the case. [*Id.* at 8.]

In its opposition to the motion to remand, Defendant Whirlpool does not dispute that the

Case No. 1:08-CV-1624
Gwin, J.

defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $5 million. [Doc. 14.] The Defendant claims, however, to have met this burden by proffering factual evidence via a supporting declaration as to the number of units sold, and relying upon the Plaintiff's own complaint regarding damages sought (for Whirlpool to repair or replace all the machines). [*Id.* at 1-2, 5.] Whirlpool asserts that this evidence suffices, because it need only prove the amount in controversy, as opposed to what the Plaintiff will actually recover. [*Id.* at 4-7.]

## II. Legal Standard

The Class Action Fairness Act of 2005 ("CAFA") establishes federal subject matter jurisdiction over class actions where minimal diversity exists, the putative class has at least 100 members, and the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1332(d)(6). Such class actions can be removed to federal court pursuant to the existing grant of removal jurisdiction under 28 U.S.C. § 1441(a). Generally, for federal diversity jurisdiction, the Sixth Circuit has adopted a preponderance of the evidence test as the standard by which the defendant must demonstrate the requisite amount in controversy. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). In *Gafford*, the Sixth Circuit determined that this did not require the defendant to "research, state and prove the plaintiff's claim for damages," but the defendant must do more than show the "amount in controversy 'may' or 'could' exceed the requirement." *Id.* at 158-59. The Sixth Circuit has since held that CAFA does not alter the burden or standard for removal. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404-05 (6th Cir. 2007).

## III. Analysis

In challenging federal subject matter jurisdiction in this case, the Plaintiff appears to concede

-3-

Case No. 1:08-CV-1624
Gwin, J.

that the elements of minimal diversity and at least 100 putative class members are satisfied. The parties only dispute whether the amount in controversy exceeds $5 million. Plaintiff Glazer claims that the Defendant supplied no proof for its conclusion that the damages exceed the minimum amount in controversy, but only multiplied the number of washers sold in Ohio times the least expensive retail price. The Plaintiff terms this a "mere allegation" by the Defendant. [Doc. 7 at 8.] The Plaintiff concludes, "[T]he fact alone that Whirlpool wholesaled 21,765 Duet washers having a theoretical resale value of $15,213,735 in no way reflects compensatory damages for the defect at issue, and does not necessarily reflect actual sales to end users in Ohio." [*Id.* at 10.]

The Court finds, however, that the Defendant does proffer sufficient evidence to demonstrate that the amount in controversy more likely than not exceeds $5 million. The sales data presented by the Defendant does not comprise a "mere allegation," but factual evidence. Combined with the Plaintiff's complaint that claims *all* such washers share a common defect and seeks the repair or replacement of *all* such washers, this evidence is sufficient to meet the Defendant's burden. The Defendant acknowledges that the roughly $15 million dollar figure arrived at represents a "theoretical maximum amount in controversy." [Doc. 14 at 4.] It was, however, reached by a "fair reading" of the Plaintiff's complaint. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) (relying upon a fair reading of the plaintiff's complaint to determine the amount in controversy). Based on the defect alleged by the Plaintiff, and the alleged presence of said defect in *all* washers sold in Ohio after June 2, 2004, the Court finds that it is more likely than not that the amount in controversy exceeds $5 million. Therefore, this Court has federal subject matter jurisdiction under the Class Action Fairness Act, and the case was properly removed.

IV. Conclusion

Case No. 1:08-CV-1624
Gwin, J.

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion to remand the case.

[Doc. 7.]

    IT IS SO ORDERED.


Dated: October 6, 2008                          s/ *James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE